IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO


| | | |
|---|---|---|
| DANIEL MEININGER, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV-04-559-S-EJL |
| | ) | |
| v. | ) | **MEMORANDUM ORDER** |
| | ) | |
| DON TAMBLYN, Parole Officer for | ) | |
| the State of Idaho, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

Pending before the Court in this habeas corpus matter are Respondent's Motion for

Summary Dismissal (Docket No. 8), Petitioner's Motion to Amend Petition (Docket No. 13),

and Petitioner's Request for Hearing on Respondent's Motion for Summary Dismissal

(Docket No. 18).  Having reviewed the record in this case, the Court concludes that oral

argument is unnecessary.  Accordingly, the Court enters the following Order.


## I.

## BACKGROUND

Petitioner pled guilty to, and was convicted of, trafficking in marijuana in the Third

Judicial District Court of Idaho, Canyon County.  Judgment was entered on May 4, 2000.

He was ordered to serve a five-year unified sentence, consecutive to a sentence for a prior

Owyhee County battery conviction.  Petitioner preserved the right to challenge the search

MEMORANDUM ORDER  1

warrant issues in his plea agreement.  He is presently on parole after having served 54 months of incarceration.

On initial review, the Court determined that Petitioner could proceed with Claim No. 2, ineffective assistance of counsel.  It also determined that Petitioner could proceed with Claim Nos. 1, 5, and 6 only if he could show that he was not provided an opportunity for full and fair litigation of the claims in state court.  *Stone v. Powell*, 428 U.S. 465, 494 (1976). The Court also determined that Claim Nos. 3 and 4 were noncognizable state law claims.

After initial review, Respondent filed a Motion for Summary Dismissal asserting that Plaintiff's remaining claims should be dismissed with prejudice on grounds of noncognizability and procedural default.  The Court will now address Respondent's arguments.

## II.

## MOTION TO AMEND

Petitioner moves to amend his Petition to show that the correct Respondent is Olivia Craven, Executive Director of the Idaho Commission of Pardons and Parole, rather than Don Tamblyn, his parole officer.  Respondent has no objection to the amendment.  Good cause appearing, the request shall be granted.

MEMORANDUM ORDER  2

## III.

## MOTION FOR SUMMARY DISMISSAL

**A.      Standard of Law for Summary Dismissal**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily

dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the

petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district

court."   In such case, the Court construes the facts in a light most favorable to the petitioner.

When a court is considering a motion to dismiss, it may take judicial notice of facts

outside the pleadings.  *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1281 (9th Cir.

1986).[1]  A court may look beyond the complaint to matters of public record, and doing so

does not convert a motion for summary dismissal into a motion for summary judgment.  *Id*.

 Accordingly, the Court shall take judicial notice of those portions of the state court record

lodged by Respondent.  *See State Court Record* (Docket No. 7).

**B.      Fourth Amendment Claims**

Fourth Amendment claims asserting lack of probable cause for arrest and other

similar suppression claims are not cognizable on federal habeas review when the petitioner

has been afforded an opportunity for full and fair litigation of the claim in state court.  *Stone*

*v. Powell*, 428 U.S. at 494.  Here, Petitioner's claims that appear subject to the *Stone v.*

---

[1]*abrogated on other grounds by Astoria Federal Sav. and Loan Ass'n v. Solimino*,
501 U.S. 104 (1991).

MEMORANDUM ORDER  3

*Powell* preclusion rule are Claim No. 1, that officers lacked probable cause to arrest him based on his bank records, which were eventually suppressed from evidence; Claim No. 5, that the search warrant was obtained under false affidavit; and Claim No. 6, that the search warrant obtained without probable cause.

After a review of the state court record, the Court concludes that Petitioner was afforded ample opportunity in state court to litigate his Fourth Amendment issues. Petitioner had the aid of counsel. Counsel filed a motion to suppress. *See State Court Record*, Exhibit A-1, at p. 30 (Docket No. 7). The trial court held an evidentiary hearing on the motion to suppress. *See State Court Record*, Exhibit A-2, at pp.8-52 (Docket No. 7).

Petitioner appealed the suppression issues, and was again aided by counsel. *State Court Record*, Exhibit C-1. The Court of Appeals addressed and rejected the issue on appeal. *State Court Record*, Exhibit C-6. Petitioner then filed a Petition for Review, which was considered and denied by the Idaho Supreme Court. *State Court Records*, Exhibit C-7 through C-10.

Petitioner tried to present additional suppression of evidence issues on post-conviction review. However, the court determined that the post-conviction petition presented "no new issue of material fact that if resolved in favor of the Petitioner would justify the requested relief." S*tate Court Records*, Exhibit B-1 at pp. 81-82.

In its opinion dismissing the post-conviction petition, the state district court mentioned that the suppression issues were precluded by res judicata and collateral estoppel as a result of the previous direct appeal result, but it nevertheless reviewed the merits of the post-

MEMORANDUM ORDER  4

conviction petition, as evidenced by its conclusion, cited directly above.  Even if the state

court had refused to review the issue on res judicata or collateral estoppel grounds[2] because

Petitioner should have brought the issue on direct appeal, that conclusion does not compel

the Court to decide that Petitioner did not have a fair opportunity to litigate the Fourth

Amendment suppression issue in the state courts.  The Ninth Circuit has stressed that "[t]he

relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether

he did in fact do so or even whether the claim was correctly decided."  *Ortiz-Sandoval v.*

*Gomez*, 81 F.3d 891, 899 (9th Cir. 1996).  Clearly, Petitioner's evidentiary hearing and direct

appeal allowed him full opportunity to litigate the suppression issues.  That he was not

allowed to have an evidentiary hearing during his second presentation of the issues does not

take away from the fact that he had full opportunity to litigate the first time around.

Accordingly, *Stone v. Powell* precludes the Court from reviewing Petitioner's Claim Nos.

1, 5, and 6.

## C.    Sixth Amendment Claims

Respondent asserts that Claim No. 2, containing three allegations of ineffective

assistance of counsel, is procedurally defaulted because it was not fairly presented to the state

courts.  A habeas petitioner must first exhaust his state court remedies as to all of his

---

[2]Petitioner should be aware that Idaho has adopted the "transactional" approach to res judicata, which means that "[i]n an action between the same parties upon the same claim or demand, the former adjudication concludes parties and privies not only as to every matter offered and received to sustain or defeat the claim but also as to every matter which might and should have been litigated in the first suit."  *Weldon v. Bonner County Tax Coalition*, 855 P.2d 868, 872 (Idaho 1993) (relying on *Diamond v. Farmers Group*, 804 P.2d 319, 323 (1990)).

constitutional claims before presenting them to the federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The petitioner can satisfy the exhaustion requirement by showing that (1) he has "fairly presented" his federal claim to the highest state court with jurisdiction to consider it, or (2) that no state court remedy is available when he arrives in federal court. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted).

To exhaust a habeas claim properly, a habeas petitioner must invoke one complete round of the state's established appellate review process, giving the state courts a full and fair opportunity to correct the alleged constitutional error at each level of appellate review. *Baldwin v. Reese*, 541 U.S. 27 (2004). "[O]rdinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Id.* at 32.

1.    Claim 2(A)

Petitioner's first allegation of ineffective assistance of counsel is failure to argue the invalidity of the search warrant or inadmissibility of evidence under the Fourth Amendment exclusionary rule's "fruit of the poisoned tree" doctrine, given that the investigation was initiated by an illegal subpoena issued to obtain Petitioner's bank records.

Petitioner addressed his "fruit of the poisoned tree" claim in his post-conviction petition. The state court rejected and dismissed it. *See State Court Record*, Exhibit B-1, at pp. 82-84. Petitioner filed an appeal. The Idaho Court of Appeals rejected his arguments.

MEMORANDUM ORDER  6

*See State Court Record*, Exhibits D-1 through D-16.  Petitioner failed to file a petition for review before the Idaho Supreme Court.

Petitioner next sought leave to bring his "fruit of the poisoned tree" claim again in a successive post-conviction petition.  The state district court denied leave, reasoning:

> [I]t is clear from this Court's own review of the record, that the Court of Appeals is correct in its conclusion that there is nothing offered by Petitioner to support the notion that the evidence he sought to suppress was the poisoned fruit of the illegally obtained and utilized bank records.  Nor has the Petitioner at this latest point in the process, as the Court again reviews his contentions, offered anything other than conclusory and unsupported allegations.

*See Order on Defendant's Motion for Leave to File Successive Post-Conviction Relief Petition*, December 29, 2004, Honorable District Judge Juneal C. Kerrick, attached to Objection to Motion to Dismiss (Docket No. 15).  Petitioner has provided nothing showing that he appealed Judge Kerrick's decision.

Based upon all of the foregoing, the Court concludes that Claim No. 2(A) is exhausted and procedurally defaulted.  Petitioner cannot proceed on it without a showing of cause and prejudice or a miscarriage of justice.

2.	Claim 2(B)

Petitioner's second allegation of ineffective assistance of counsel is failure to obtain, examine, or introduce the electric usage records into evidence, allowing to stand a false affidavit to establish probable cause.  This particular claim was not raised in the Idaho state courts.

MEMORANDUM ORDER  7

Petitioner contends that the claim is currently pending before the Idaho Courts in a successive post-conviction proceeding, but provides no documentary evidence of such an action. Respondent has provided an Affidavit showing that the assistant attorney general could not find evidence of an ongoing post-conviction proceeding in the state court system. *See Affidavit of Jessica Borup* (Docket No. 11). The Court has reviewed the state court's order denying Petitioner's motion to file a successive state post-conviction petition, and does not find that the issue appears to have been included in that motion. *See Objection to Motion to Dismiss*, and Exhibits (Docket No.15).

It does not appear that there is any means whereby Petitioner could bring this claim in state court. Based upon all of the foregoing, the Court finds that this claim is exhausted and procedurally defaulted.

      3.     Claim 2(C)

Petitioner's third allegation of ineffective assistance of counsel is that Petitioner failed to properly cross-examine the investigating officer, Detective Boster, despite "obvious contradictions and unknowable facts" in his search warrant affidavit testimony. In his original post-conviction petition, after extensively detailing what he believes are Detective Boster's deceptions, Petitioner writes: "Why my attorney Klaus Wiebe disregarded this information . . . is beyond me." *State Court Record*, Exhibit B-1, pp. 21-22. Petitioner also states that counsel "failed to find out what was wrong with the search warrant testimony and bring all discrepancies to light during suppression hearing." *Id*. at p. 24. Petitioner's amended petition incorporated by reference all allegations set forth in the original petition.

MEMORANDUM ORDER  8

Though not a model of clarity, the amended post-conviction  petition, incorporating the original petition, appears to cover this claim.

After dismissal of the first post-conviction action, Petitioner appealed.  The Court of Appeals affirmed dismissal.  *See State Court Record*, Exhibits D-1 through D-16.  Petitioner failed to file a petition for review before the Idaho Supreme Court.  It is now too late to do so.   Therefore, Claim No. 2(C) is exhausted and procedurally defaulted.

**D.      Cause and Prejudice and Miscarriage of Justice**

In the Motion to Dismiss, Respondent informed Petitioner of the standards for a showing of cause and prejudice or actual innocence.  The Court is unable to hear Petitioner's Claim Nos. 2(A), 2(B), and 2(C) unless one of these exceptions applies.  The Court shall provide Petitioner with thirty (30) days in which to file a brief showing either (1) cause and prejudice as to each of his defaulted claims or (2) actual innocence.  Respondent may file a response brief.  Thereafter, the Court will determine whether Petitioner has sufficiently overcome his procedural default to allow the Court to consider the merits.

MEMORANDUM ORDER  9

## III.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion for Summary Dismissal (Docket No. 8) is GRANTED in part, and conditionally GRANTED in part. Petitioner's Claim Nos. 1, 5, and 6 are dismissed (the Court earlier dismissed Claim Nos. 3 and 4 as noncognizable). Petitioner shall have thirty (30) days after entry of this Order to show cause and prejudice or actual innocence as to Claim Nos. 2(A), 2(B), and 2(C), or they shall be dismissed.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion to Amend Petition (Docket No. 13) is GRANTED. The record shall reflect that the correct respondent is Olivia Craven, Executive Director of the Idaho Commission of Pardons and Parole.

IT IS FURTHER HEREBY ORDERED that Petitioner's Request for Hearing on Respondent's Motion for Summary Dismissal (Docket No. 18) is DENIED.

DATED: **June 20, 2005**

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM ORDER  10